## IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

FIRST STATE BUILDING, LLC.,   )
                                    )
          Plaintiff,       )
                                    )
          v.               )     Case No.: CPU4-22-002676
                                    )
ALAN DORE              )
AND SONYA DORE,      )
                                    )
          Defendants.    )

Decided: August 7, 2023

Andrew H. Lippstone, Esq.
O'Kelly & O'Rourke, LLC
824 N. Market Street
Suite 1000A
Wilmington, DE 19801
*Counsel for Plaintiff*

Leslie B. Spoltore, Esq.
Obermayer Rebman Maxwell & Hippel LLP
123 S. Justison Street
Suite 100
Wilmington, DE 19810
*Counsel for Defendants*

## MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

**Manning, J.**

1

This matter involves a breach of contract dispute between Plaintiff First State Building, LLC, a Delaware limited liability company ("First State") and Defendants Alan and Sonya Dore ("the Dores"). First State filed this action alleging that the Dores are in breach of the two construction contracts (the "Agreement") entered into by the parties as the Dores have refused to pay the remaining balance due under said Agreement. The Dores moved to dismiss the suit pursuant to Rule 12(b)(6) and 12(b)(2) arguing that certain provisions of the Agreement render it void and divests this Court of personal jurisdiction. After considering the parties' arguments and the supplemental briefs submitted by each party, the Motion to Dismiss is DENIED for the reasons stated below.

## FACTUAL AND PROCEDURAL HISTORY

On November 21, 2022, First State filed this breach of contract action against the Dores. First State alleges that on August 10, 2020, the parties entered into two agreements under which it agreed to perform construction, design, and other improvement services on the Dores' Pennsylvania residence. First State propounds that while it completed the work on the Dores' home in January 2022, it has yet to be fully compensated for services performed as the Dores have refused to pay the remaining balance due.

On February 1, 2023, the Dores filed a Motion to Dismiss First State's Complaint. The Dores move the Court to dismiss First State's suit on the basis that

2

certain provisions of the Agreement renders it void and unenforceable *ab initio* because certain provisions of it are contrary to Pennsylvania law. Specifically, the Dores contend that the Agreement violates the Pennsylvania Home Improvement Consumer Act ("HICPA") and Pennsylvania's Trade Practices and Consumer Protection Law ("UTPCL"). As a threshold matter, the Dores aver that as a registered Pennsylvania Home Improvement Contractor, First State is subject to HICPA, the laws which governs and regulates Pennsylvania contractors who perform home improvement services. Moreover, the Dores contend that Pennsylvania law should apply because of the following: 1) First State conducts business from its address in Pennsylvania; 2) the Dores are residents of Pennsylvania; and 3) the Dores engaged First State in Pennsylvania to perform home improvement work on their home located in Pennsylvania.

The Dores contend that various provisions of the Agreement, for all intents render it void because said provisions do not adhere to HICPA requirements set forth in 73 P.S. § 517.7. According to the Dores, the Agreement violates the following HICPA subsections:

(a) Requirements.--No home improvement contract shall be valid or enforceable against an owner unless it:
(1) Is in writing and legible and contains the home improvement contractor registration number of the performing contractor. (*The Agreement does not contain First State's Pennsylvania Home Improvement Contractor license number*);

3

(2) Is signed by all of the following:…(ii) The contractor or a salesperson on behalf of a contractor. (*The Agreement does not contain the contractor's signature*);

(5) Contains the name, address and telephone number of the contractor. For purposes of this paragraph, a post office number alone shall not be considered an address. (*The Agreement contains a post office box instead of a street address*).[1]

Finally, the Dores argue that First State's assertion that it is entitled to attorney's fees, as alleged in the Amended Complaint, is a *per se* violation of HICPA and consequently, the UTPCPL. As such, the Dores contend that the Agreement is invalid and therefore the forum selection clause relied upon by First State is unenforceable.

First State filed its response on March 6, 2023 opposing the Motion to Dismiss. It argues that the Agreement's choice of law provision designates Delaware law as the governing law for any dispute that arises from the Agreement; and the forum selection provision requires that all disputes concerning the Agreement be filed in a Delaware court of competent jurisdiction. As such, First State contends that the Dores' attempts to "hid[e] behind inapplicable Pennsylvania law" must fail.

A motion hearing was held on March 31, 2023, during which the Court heard arguments from both parties. At the conclusion of the hearing, the Court took the

---

[1] Dores Mot. to Dismiss, ¶¶ 14-17 (citing 73 P.S. § 517.7(a)(emphasis added).

4

matter under advisement and requested additional briefing from the parties on the following issue: whether a contract, governed by Delaware law, which circumvents a consumer protection law of another jurisdiction is void.

## DISCUSSION

Pursuant to Court of Common Pleas Civil Rule 12(b)(6), when considering a motion to dismiss, the court must assume that all well-pled facts in the complaint are true.[2] The court must view the record "in a light most favorable to the non-moving party, and all reasonable inferences are considered most strongly in favor of the [non-moving party]."[3] Dismissal of the complaint should only be granted "if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[4]

It is well established that Delaware courts favor and recognize the fundamental principle of freedom of contract. As such, a Delaware court will not interfere with this foundational freedom of the parties' except "upon a strong showing that dishonoring the contract is required to vindicate a public policy interest even stronger than freedom of contract."[5] However, "this exception…does not exist as a sword for parties to avoid their contracts when avoidance suits their personal

---

[2] *Battista v. Chrysler Corp.*, 454 A.2d 286, 287 (Del. Super. 1982).
[3] *Halpern Eye Assoc., P.A. v. E.A. Crowell & Assoc., Inc.*, WL 3231617 (Del. Comm. Pl. 2007).
[4] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[5] *Change Capital Partners Fund I, LLC v. Volt Elec. Sys., LLC*, WL 1635006, at *4 (Del. Super. 2018) (quoting *Maddock v. Greenville Retirement Community, L.P.*, WL 89094, at *7-8 (Del. Ch. 1997)).

5

interests." [6] Accordingly, "when parties have chosen a state's contract law to govern their contract, it is illogical to assume that they wished to have the enforceability of that contract judge by another state's law." [7]

Here, the Dores move the Court to dismiss First State's claim against them because certain provisions of the Agreement are contrary to public policy interests of Pennsylvania — as codified by HICPA. At the outset, and without getting into unnecessary detail in this decision, I note that the Agreement at issue was entered into by two sophisticated parties and concerned work of substantial expense for a large single-family home. The facts presented indicate that although the Dores live in Pennsylvania and all work was performed there by a company that also has a physical office in Pennsylvania, the contract clearly states that all disputes shall be governed by Delaware law and heard in a Delaware court. Although the Dores may now regret agreeing to such, there is nothing in the record to indicate that this provision was not freely agreed to at the time of contracting. Therefore, I am inclined to honor the agreement — even though some terms of the contract appear to conflict with Pennsylvanian law — and apply the same reasoning as employed by the Delaware Superior Court in *Change Capital Partners*. [8] Finally, the Dores have not

[6] *Id.* (quoting *Libeau v. Fox*, 880 A.2d 1049, 1058 (Del. Ch. 2005), *aff'd in pertinent part*, 892 A.2d 1068, WL 196379 (Del. 2006)).
[7] *Id.* (quoting Abry Partners V.L.P. v. F & W Acquisition LLC, 891 A.2d 1032, 1049 (Del. Ch. 2006).
[8] In *Change Capital Partners Fund I, LLC v. Volt Elec. Sys., LLC*, WL 1635006, at *4 (Del. Super. 2018) (the Superior Court found that while the defendants demonstrated that enforcement

presented any case law which would legally require dismissal of the suit based on the facts alleged in the case. Therefore, I will not interfere with the terms of the Agreement, including the Delaware choice-of-law provision.

Finally, the standard for dismissal is a high burden to meet. Notwithstanding the Dores' claim that the contract between the parties is unenforceable as it violates Pennsylvania law, there is nothing in the record thus far to indicate that First State would not be entitled to recovery under any reasonably conceivable set of facts.

## CONCLUSION

For the foregoing reasons, the Dores' Motion to Dismiss is DENIED. The matter shall proceed to trial.

**IT IS SO ORDERED**.

_____
Bradley V. Manning,
Judge

---

of the subject agreement between the parties was contrary to New York and/or Texas law, it refused to "disrupt the mutually agreed-upon contract terms of the Agreement, including the Delaware choice-of-law provision.").